## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          No. 3:24-cr-7-DPM-1

RODNEY JONES                                                DEFENDANT

### ORDER

Jones's motion *in limine*, *Doc. 66*, is mostly denied but partly granted.  The parole waiver documents, as redacted, are admissible. *United States v. Daniels*, 932 F.3d 1120, 1123–24 (8th Cir. 2019); *United States v. Walrath*, 324 F.3d 966, 970 (8th Cir. 2003); *United States v. Moses*, 2025 WL 2158804, at *2 (8th Cir. 30 July 2025) (unpublished *per curiam*). The 2019 felon in possession conviction is, too.  *United States v. Strong*, 415 F.3d 902, 904–06 (8th Cir. 2005).  The Court will give limiting instructions if Jones requests them.

The evidence about Jones's alleged use of a firearm against V.D. on 26 April 2021 is intrinsic to count four.  If Jones requests a limiting instruction, the Court will remind the jury that Jones is not charged with threatening V.D. or battery against her;  he's charged with possessing a firearm that day.

Testimony about the alleged incidents in 2015, 2017, and 2020 is not admissible under Rule 404(b).  Jones's alleged possession of guns in those incidents is relevant to show his knowledge and intent for the

felon in possession charges.  And they aren't too remote in time.  But the prejudicial effect of testimony about Jones allegedly shooting at A.D. and pistol whipping T.W. in front of small children substantially outweighs its probative value.  It is therefore excluded.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

10 July 2026

–2–